IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:19CR365 |
| vs. | **ORDER** |
| WALTER OMAR RIVAS-MOLINA, | |
| Defendant. | |

      This matter came before the Court on Defendant's Motion to Review Detention ([Filing No. 18](#)). Russ Mayer appeared on behalf the government. Mary Gryva appeared on behalf of Defendant. Defendant was present. After both parties were afforded an opportunity to present evidence and make argument, Defendant was released upon entry of the Order Setting Conditions of Release ([Filing No. 29](#)).

      In denying the government's oral motion for detention and granting Defendant's motion, the undersigned magistrate judge recognized that the starting point under the Bail Reform Act ("BRA") is release upon personal recognizance unless release will not reasonably assure appearance of the person as required or will endanger the safety of any other person or the community. [18 U.S.C. § 3142(b)](#). Release may be subject to a mandatory condition that Defendant will not commit a federal, state, or local crime during the period of release. [18 U.S.C. § 3142(b)](#), (c)(1)(A).

      The government moved for detention under § 3142(f)(2) on the basis of both flight risk and danger to the community. The government bears the burden of proving risk of flight by a preponderance of the evidence, [*United States v. Orta*, 760 F.2d 887, 892 (8th Cir. 1985)](#), but it must prove danger to the community by clear and convincing evidence. [18 U.S.C. §3142(f)](#). While Defendant remained detained, the government was afforded an opportunity to notify the proper immigration officials. See [18 U.S.C. § 3142(d)](#). Defendant has not been taken into immigration custody. The Court finds that information exists not known at the time of the Court's detention determination that has a material bearing on the issue as to whether there are conditions of release that will reasonably assure Defendant's appearance as required and the safety of any other person and the community. See [18 U.S.C. §3142(f)](#). It is no longer understood that

Defendant was ineligible to be released on bond in immigration proceedings. Therefore, the provisions of the BRA are to be used to determine the parties' motions.

The undersigned magistrate judge took into consideration the following factors under § 3142(g):

    (1) Nature and circumstances of offense charged;
    (2) Weight of the evidence against Defendant;
    (3) History and characteristics of Defendant, including:
        a. Character
        b. Physical and mental condition
        c. Family ties
        d. Employment
        e. Financial resources
        f. Residence/length in community
        g. Community ties
        h. Past conduct
        i. Drug/alcohol abuse history
        j. Criminal history
        k. Record of appearance (probation, parole, release); and
    (4) Nature and seriousness of danger posed to the community.

18 U.S.C. § 3142(g). In so doing, the undersigned magistrate judge relied upon the information set forth in the reports prepared by Pretrial Services (Filing No. 6; Filing No. 22) and the testimony of the proposed third-party custodian. Defendant has three children all residing in the United States. Defendant has been gainfully employed and has no criminal history or history of mental health or substance abuse. Defendant resided with his sister and her child in Lincoln. Thus, the government has not made a sufficient showing of danger to another person or the community.

The implied threat of removal from the United States, while a consideration, is not determinative as to risk of flight. See *United States v. Montoya-Vasquez*, No. 4:08CR3174, 2009 WL 103596 (D. Neb. Jan. 13, 2009)(Piester, M.J.); *United States v. Lopez*, No. 3:18MJ50, 2018 WL 3043328 (S.D. Iowa June 19, 2018)(Jackson, Jr., M.J.); *United States v. Villatoro-Ventura*, 330 F. Supp. 3d 1118, 1130 (N.D. Iowa 2018)(Strand, C.J.); *United States v. Rodriguez Lozano*, No. 4:17CR208 (S.D. Iowa July 20, 2018)(Adams, M.J.). Defendant can surrender his passport. The third-party custodian testified that she will allow Defendant to reside with her, their child, and her two other children, she is a United States citizen, she is gainfully employed, and she will financially support Defendant.

Therefore, given the totality of the record before the Court, the government also failed to meet its burden by the preponderance of the evidence that there are no conditions of release that will assure Defendant's appearance for future proceedings. Defendant's family ties to Nebraska and the availability of a third-party custodian outweigh the factors argued by the government in favor of its motion for detention, including ties to Honduras, inability to obtain gainful employment, and the nature of the charges in this matter.

**IT IS SO ORDERDED.**

Dated this 14th day of February, 2020.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge